IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02007-KLM

MARY L. LUYK,

   Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

   Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[2] on the **Social Security Administrative Record** [#14],[3] filed October 11, 2016, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits and disabled widow's benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On November 28, 2016, Plaintiff

---

   [1] On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is therefore "automatically substituted" as the properly-named Defendant in this action.

   [2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#16, #24].

   [3] "[#14]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

filed an Opening Brief [#21] (the "Brief").  Defendant filed a Response [#22] in opposition, and Plaintiff filed a Reply [#23].  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).  The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I. Background

The complicated procedural history of this lawsuit is crucial to its resolution, and the Court therefore first provides that time line in detail.  Plaintiff alleges that she became disabled at the age of fifty-two on March 22, 2007.  Tr. 209.[4]  As a result, on June 18, 2008, Plaintiff filed an application for disability insurance benefits and widow's insurance benefits under Title II and an application for supplemental security income under Title XVI.  Tr. 209-24.  On December 3, 2010, an Administrative Law Judge (the "ALJ") issued an unfavorable decision.  Tr. 13-22.  On May 18, 2012, the Appeals council denied Plaintiff's Request for Review of Hearing Decision.  Tr. 5-9.

On June 18, 2012, Plaintiff filed new Title II and Title XVI applications, alleging a disability onset date of May 19, 2012.  Tr. 1157-70.  Meanwhile, on October 2, 2012, she also filed a lawsuit in the United States District Court seeking review of the Commissioner's decision to deny her first set of applications.  *See generally* Civil Action No. 1:12-cv-02610-WJM.  After receiving initial denials by the Administration on her second set of applications, Plaintiff filed a request on February 20, 2013 to have a hearing before an ALJ on those

---

[4] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10 through 10-32 by the sequential transcript numbers instead of the separate docket numbers.

applications. Tr. 1060.

On October 16, 2013, the District Court issued an Order Reversing Administrative Law Judge's Decision and Remanding to the Commissioner in connection with Plaintiff's first set of applications. Tr. 781-809. Thereafter, the Commissioner filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), which the District Court granted on May 30, 2014, in its Order Granting Motion to Amend Judgment and Affirming Decision of the Administrative Law Judge. Tr. 815-24.

On June 27, 2014, the Appeals Council, apparently unaware that the District Court had amended its judgment to affirm the ALJ's decision on Plaintiff's first set of applications, issued an Order remanding Plaintiff's case to the ALJ. Tr. 812-13. In that Order, the Appeals Council stated:

> The U.S. District Court for the District of Colorado, Denver (Civil Action Number 1:12-cv-02610-WJM) has remanded this case to the Commissioner of Social Security for further administrative proceedings . . . .
>
> The claimant filed electronic subsequent claims for a Period of Disability/Disability Insurance Benefits and Supplemental Security Income on June 18, 2012. The Appeals Council's action with respect to the present electronic claims renders the subsequent claims duplicate or causes it to involve an overlapping period of time. Therefore, the [ALJ] will consolidate the claims, create a single electronic record and issue a new decision on the consolidated claims . . . .
>
> Therefore, the Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an [ALJ] for further proceedings consistent with the order of the court.
>
> In compliance with the above, the [ALJ] will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

Tr. 812-13. Thus, in short, the ALJ was directed to simultaneously consider Plaintiff's first and second sets of applications. Tr. 812-13.

On November 13, 2014, a different ALJ held another hearing on Plaintiff's applications.[5] Tr. 690-758. On January 23, 2015, the ALJ issued an unfavorable decision. Tr. 666-80. On June 6, 2016, the Appeals Council issued a decision in connection with Plaintiff's request for review of the January 23, 2015 ALJ decision. Tr. 639-43. In part, the Appeals Council realized its error regarding Plaintiff's first set of applications and sought to correct that mistake. Tr. 639-43.

> On January 23, 2015, the [ALJ] found that the claimant was not under a disability from March 22, 2007 through the date of the decision . . . and that she is not entitled to benefits and payments based on the applications dated June 18, 2008. On February 23, 2015, the claimant submitted written exceptions to the [ALJ's] decision.
>
> On April 27, 2016, the Appeals Council notified the claimant that it had assumed jurisdiction of this case . . . . In that notice, it proposed to vacate the subject decision as the final decision of the Commissioner of Social Security for the applications dated June 18, 2008. It further proposed to vacate its remand order dated June 27, 2014. It also proposed to adopt the subject decision's findings, apply those findings to the applications dated June 18, 2012, and to issue a decision finding that the claimant is not entitled to or eligible for benefits and payments based on the applications dated June 18, 2012 and a disability onset date of December 4, 2010. The Appeals Council advised the claimant that it would consider written statements submitted within 30 days from the date of the notice.
>
> On May 4, 2016, the claimant submitted a written response indicating her understanding of the need to vacate the [ALJ's] January 23, 2015 decision. However, she objected to the Appeals Council issuing an unfavorable decision based on the subject decision's findings. She contended that she is entitled to a new hearing and a new decision based on the 2012 applications and her request for hearing dated February 28, 2013.
>
> For the reasons discussed below, the Appeals Council does not agree. . . .
>
> The Appeals Council adopts the [ALJ's] statements regarding . . . the issues in the case, its evidentiary facts, and its findings to the extent that those

---

[5] The issue of whether that hearing addressed both the first and the second sets of applications is discussed below.

statements, issues, facts and findings refer to disability beginning December 4, 2010 and the applications dated June 18, 2012.

On October 16, 2013, United States District Court Judge William J. Martinez reversed the final decision of the Commissioner dated December 3, 2010 for the applications dated June 18, 2008 and remanded the case. On May 30, 2014, Judge Martinez amended his order and affirmed the 2010 decision. The court's affirmation of the decision terminated the claimant's right to further consideration of the 2008 applications by the Administration.

On June 27, 2014, the Appeals Council issued a remand order directing the [ALJ] to consolidate the 2008 applications with subsequent applications dated June 18, 2012, create a single record, offer the claimant an opportunity for a hearing, and issue a new decision on the consolidated claims . . . . This action includes legal error because it did not consider the effect of Judge Martinez's amended order.

The [ALJ] consolidated the claims and their respective administrative records, held a hearing on November 13, 2014, and issued a decision on January 23, 2015 for the applications dated June 18, 2008 and the period beginning March 22, 2007. The 2015 decision includes error of law, as the court's 2013 action precluded further consideration of the 2008 claims and disability in the period prior to December 4, 2010.

To correct the legal errors, the Appeals Council vacates its remand order dated June 27, 2014 and the final decision of the Commissioner dated January 23, 2015. The Appeals Council observes that the findings articulated in the 2015 decision apply to the period March 22, 2007 to January 23, 2015. Thus, the decision considered disability in the period after December 3, 2010; the applications filed in 2012; and all evidence available for the period at issue. Further, the [ALJ] satisfied the claimant's request for a hearing in connection with the 2012 applications. The Appeals Council adopts these findings and applies them to a new decision for the 2012 claims. . . .

The claimant has not been under a disability, as defined in the Social Security Act, from December 4, 2010 through the date of this decision. . . .

Based on the applications filed on June 18, 2012, the claimant is not entitled to or eligible for a period of disability or disability insurance benefits . . . , supplemental security income payments . . . , or surviving divorced wife's benefits (disability) . . . of the Social Security Act.

Tr. 639-41. The decision of the Appeals Council has become the final decision of the

Commissioner for purposes of judicial review.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally

limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.   Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d

1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff requests judicial review of the Appeals Council's June 6, 2016 decision denying her disability insurance benefits and supplemental security income. *See Brief* [#21]. Plaintiff asks the Court to reverse the decision to the extent it adopts the findings of the ALJ from the January 23, 2015 decision and finds that Plaintiff has not been under a disability from December 4, 2010, through the date of the decision. Plaintiff further requests that the ALJ's decision be vacated and rendered null and void, and that her Request for Hearing dated February 28, 2013, filed in connection with the 2012 applications, be reinstated. *See id.* at 11.

Specifically, Plaintiff argues that the Commissioner erred in three ways: (1) the Commissioner denied Plaintiff her right to due process; (2) the Appeals Council's decision did not comply with the rules and policies of the Social Security Administration; and (3) the Appeals Council's decision did not adequately address the reasons why Plaintiff was denied benefits in connection with her 2012 applications. *Id.* at 4.

**A. Due Process**

Plaintiff argues that she was denied procedural due process by the Commissioner's

actions in this case.  *Motion* [#21] at 8-9.  She states that "it is clear from the record that neither [Plaintiff] nor the ALJ was aware that the hearing applied to the applications [Plaintiff] filed in 2012."  *Id.* at 8.

The evidence, or on some points the lack thereof, demonstrates otherwise.  There is no evidence that the ALJ, Plaintiff, and her counsel did not receive the Appeals Council's consolidation order; thus, Plaintiff's argument that she did not receive notice that both sets of her claims would be heard is without merit.  Tr. 810-14.  The ALJ consolidated the evidence of Plaintiff's July 2008 and June 2012 claims, as directed by the Appeals Council, and at the hearing explicitly stated that this was done, without objection from Plaintiff's attorney.  Tr. 681-87, 692-93.  Again without objection from Plaintiff's attorney, the ALJ asked the medical experts for their opinions on Plaintiff's condition from March 2007 through the date of the November 13, 2014 hearing, a period which covered both the July 2008 and June 2012 claims.  Tr. 696, 708, 709.  Plaintiff was also asked to testify about that same period.  *See, e.g.*, Tr. 722, 739, 742.

However, even if there was an some error on this point, Plaintiff has failed to demonstrate that it was not harmless.  Plaintiff argues she "was prejudiced by her lack of knowledge of the period of disability to be addressed at the hearing . . . ."  *Motion* [#21] at 9.  She asserts that "hearings are necessarily limited in time, and the perceived need to address the four years between the alleged onset date on the 2008 claims and that date on the 2012 claims affected the conduct of the hearing by the ALJ and the questions presented by [Plaintiff's] counsel."  *Id.*  She also states that "if the ALJ had been aware that her consideration was limited to the period after May 19, 2012, she would have been able to devote more attention to the relevant medical notes in the voluminous record, and

[Plaintiff] would have been able to more narrowly focus her arguments." *Id.* In short, Plaintiff "objects to the fact that the lack of notice of the applications to be addressed at the hearing deprived her of the ability to plan her case." *Reply* [#23] at 2.

Plaintiff's argument fails because of its vagueness. As Defendant notes, "Plaintiff does not point to any evidence that she should have been given time to discuss at her hearing, but was not." *Response* [#22] at 11. Plaintiff does not direct the Court's attention to a single question that was not asked by Plaintiff's counsel but that allegedly would have been asked. Plaintiff does not direct the Court's attention to any specific evidence or portions of the record which the ALJ should have discussed more at the hearing, or which Plaintiff's counsel would have discussed more. Plaintiff does not direct the Court's attention to any evidence Plaintiff was unable to discuss because of the limited duration of the hearing. In short, in the absence of a single reference to any *specific* reason why Plaintiff was prejudiced, the Court finds that, to the extent there may have been error, any such error was harmless because Plaintiff received adequate due process.

**B.     Program Operations Manual System ("POMS")**

Plaintiff next argues that when the Appeals Council vacated the ALJ's January 23, 2015 decision, it erred by not remanding the case for a new decision by the ALJ after holding a new hearing. *Motion* [#21] at 9-10 (citing POMS SI 04040.010(G) ("Vacating an ALJ decision renders it null and void and reinstates the ALJ hearing request.").

Vacating the ALJ's decision and then remanding for a new decision was only one option which the Appeals Council had. *See* POMS SI 04040.010(D). Because the Administration had no power to reassess Plaintiff's July 2008 applications once the District Court reconsidered its prior opinion and affirmed the Administration's denial of benefits, the

Appeals Council had no choice but to vacate the ALJ's decision. However, nothing in the POMS states that the Appeals Council *must* remand in all situations. The Appeals Council, instead of remanding to the ALJ for a new decision, chose to issue its own decision affirming the ALJ's decision to the extent it applied to the June 2012 claims. *See* POMS SI 04040.010(D)(1). As the Appeals Council discussed:

> [T]he findings articulated in the 2015 decision apply to the period March 22, 2007 to January 23, 2015. Thus, the decision considered disability in the period after December 3, 2010; the applications filed in 2012; and all evidence available for the period at issue. Further, the [ALJ] satisfied the claimant's request for a hearing in connection with the 2012 applications.

Tr. 640. Thus, the Appeals Council considered the request for a hearing on the 2012 applications and noted that there was no reason to hold another hearing on those applications because the prior hearing and the ALJ's decision covered the entire relevant period of the 2012 applications. Thus, the Appeals Council adopted those findings from the ALJ's decision and applied them to a "new decision" for the 2012 claims. Although the Court finds no error with this course of action, to the extent there may have been error under the unusual procedural posture of this case, the Court finds that any such error was harmless, given the Court's findings in Section III.A. above that Plaintiff's November 2014 hearing and the ALJ's January 2015 decision fully and fairly adjudicated Plaintiff's June 2012 applications.

**C.     The Appeals Council's Duty to Explain Its Decision**

Plaintiff argues that "there is nothing in the final order of the Commissioner that explains what medical evidence and what residual functional capacity findings were relied upon in the decision denying [Plaintiff] benefits related to her 2012 application." *Motion* [#21] at 10. The Court disagrees. "The Appeals Council observe[d] that the findings

articulated in the 2015 decision apply to the period March 22, 2007 to January 23, 2015. . . . The Appeals Council adopts these findings and applies them to a new decision for the 2012 claims." Tr. 640. Plaintiff complains that "the ALJ's findings as adopted by the [Appeals Council] are composed in [a] manner in which the findings related to the period after the 2012 alleged onset date are not severable from the findings related to the period before, and the [Appeals Council] Decision provides no guidance at all in explaining what [Plaintiff's] residual functional capacity was in the post 2012 period, or explaining [Plaintiff's] impairments as related solely to the 2012 applications." *Motion* [#21] at 11. Although Plaintiff argues that the Appeals Council should have "severed" the findings made by the ALJ, this is not a situation where the Appeals Council adopted *some* of the ALJ's findings to apply to a new decision. Rather, the Appeals Council adopted *all* of the ALJ's evidentiary findings, and thus was under no duty to further explain its decision after incorporating the ALJ's findings. Plaintiff points to no authority, and the Court is aware of none, which required the Appeals Council to do more, especially where, as here, Plaintiff points to no substantive or procedural error by the ALJ which is somehow obscured by the action of the Appeals Council in adopted all of the ALJ's findings.

Even though the Court does not insist on "technical perfection" in the Administration's Decision, the Court must be able to follow its reasoning. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Here, the Court is able to do so, and therefore this case need not be remanded for further proceedings.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not

disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear their own costs and attorney's fees.

Dated: September 5, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge